27668.00Y8BQ/Document #: 770537 #412

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| THYCON CONSTRUCTION, INC., on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | Case No. 08 C 824 |
| ) | |
| vs. ) | Hon. William J. Hibbler |
| NATIONAL EQUIPMENT SERVICES, ) | Magistrate Judge Morton Denlow |
| INC. and NES RENTALS HOLDINGS, ) INC., ) ) | |
| Defendants. ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Thycon Construction, Inc., Plaintiff, brings this action individually and on behalf of a Class of persons defined below against National Equipment Services, Inc. and NES Rentals Holdings, Inc., and pursuant to its investigation, upon knowledge as to itself and its own acts and otherwise upon information and belief, for its Complaint alleges as follows:

### NATURE OF THIS ACTION

1. This is a class action seeking redress for NES' actions in charging substantial sums for a Limited Damage Waiver which actually provides no benefit whatsoever.

### PARTIES

2. Plaintiff Thycon Construction, Inc. (hereinafter "Plaintiff" or "Thycon") is an Alabama corporation doing business in the City of Huntsville, located in Madison County, Alabama.

3. On information and belief, Defendant National Equipment Services, Inc. (hereinafter "NES, Inc.") is a Delaware Corporation with its principal place of business in Chicago, Illinois.

4. On information and belief, Defendant NES Rentals Holdings, Inc. (hereinafter "NES Rentals") is a Delaware Corporation with its principal place of business in Chicago, Illinois.

5. Defendant NES, Inc. and Defendant NES Rentals are collectively hereinafter referred to as "NES" or "Defendants".

## JURISDICTION AND VENUE

6. Plaintiff repeats and re-alleges paragraphs 1 through 5 as if fully set out herein.

7. This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209 (b)(4).

8. This is a class action under 735 ILCS 5/2-801. A class action is appropriate here because the class of plaintiffs damaged by Defendants' actions is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; the representative party will fairly and adequately protect the interest of the class; and this class action is an appropriate method for the fair and efficient adjudication of the controversy.

9. Jurisdiction and venue are proper in this Court because Defendants' principal place of business is located in Cook County, Illinois.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges paragraphs 1 through 9 as if fully set out herein.

11. NES is one of the world's largest companies in the equipment rental industry,

specializing in renting specialty and general equipment to industrial and construction end-users. According to NES's website, NES is a leader in the $25 billion equipment rental industry, specializing in renting specialty and general equipment to industrial and construction end-users, and operates from 130 locations in 34 states. On information and belief, NES's revenues are approximately $500 million annually.

13. To rent equipment from NES, NES's rental customers enter into a rental agreement, drafted by NES which together with the nature of the rental, establishes a bailment relationship in which NES is the bailor and the customer is the bailee.

14. When NES rents equipment, it encourages its customers to purchase a Limited Damage Waiver (referred to in the rental agreement and hereinafter as the "LDW"). The LDW agreement is also drafted by NES. The LDW purports to "covers[s] certain types of damages that are caused through no fault of the customer."

15. According to NES, the LDW applies to losses incurred by or resulting from:

- "Vandalism - only if reported to NES within 48 hours and accompanied by a police report.
- Theft - provided the equipment was locked or secured and the key is returned to NES. Theft must be reported to NES within 48 hours and accompanied by a police report.
- Fire and smoke not caused by negligence of the user.
- Wind, hail, lightning and other natural causes.
- Accidental damage (not caused by improper application or use). For example, damage resulting from: falling objects, buried or hidden substances, or other accidents that occur where a third party is at fault.
- Acts of God (e.g. wind, hail, lightning) (as long as the damage is not caused by the bailee's negligence);
- Acts of third parties (as long as the damage is not caused by the bailee's negligence); and
- Any other accidental damage (as long as the damage is not caused by the bailee's negligence).

16. The LDW confers no benefit on the renter bailee and is an illusory promise because it only waives claims against the bailee for which the bailee would have no

liability in any event, and specifically excludes from the waiver any damages arising under circumstances where a bailee could be held liable for damage to the equipment (i.e. acts of its own negligent, reckless or wanton conduct).

17. The amounts received by NES for the LDW have been received by NES for an illusory promise and have unjustly enriched NES.

## NAMED PLAINTIFF ALLEGATIONS

18. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully set out herein.

19. On or about July 20, 2004, Thycon Construction, Inc., ("Thycon") contracted with NES for the rental of a Scissor Lift 32', Model SJII6832, Serial No. 80713.

20. The terms of the rental were $928.30 per month.

21. This price included $98.00 per month for a LDW.

22. On or about July 28, 2004, a Thycon employee caused injury to the Scissor Lift through his own negligence.

23. Shortly thereafter, NES made demand on Thycon for $6,498.94 as the repair amount necessary to fix the damage to the equipment caused by Thycon's employee.

24. Thycon refused to pay the requested amount and cited the existence of the Limited Damage Waiver as a reason for doing so.

25. On January 6, 2006, NES sued Thycon in the District Court of Madison County, Alabama. On February 7, 2006, Thycon made a Motion to Conduct Limited Discovery, which was granted by Court Order on February 10, 2006. Thereafter, Thycon submitted fifteen (15) interrogatories and nine (9) requests for production. Included in the discovery were inquiries related to whether the LDW conferred any benefit on the bailee.

26. NES did not answer the discovery. On March 28, 2006, NES voluntarily

dismissed its suit. Thycon made no payment to NES in consideration of the dismissal, nor was any such payment demanded by NES. NES has not, however, returned the amount paid by Thycon for the LDW.

## CLASS ALLEGATIONS

27.     Plaintiff repeats and re-alleges paragraphs 1 through 29 as if fully set out herein.

28.     The Class consists of all persons or entities nationwide who rented equipment from NES and paid for a LDW associated with the transaction.

29.     The Plaintiff brings this action in its individual capacity and on behalf of the class of persons meeting the above description.

30.     Members of the Class are so numerous that joinder is impracticable. This Class consists of thousands of individuals and businesses given that NES conducts a high volume of rentals throughout the United States.

31.     There are questions of law and/or fact common to the Class which predominate over individual questions. These common questions include, but are not limited to, the following:

- Whether the LDW confers any benefit at all on persons who rent equipment from NES.;
- Whether NES represented that the LDW conferred a benefit;
- Whether NES ever pursued any claim against any lessee who had not purchased the LDW for any damage caused by any event which NES would purportedly have waived under the LDW;
- Whether NES's promise under the LDW is illusory;
- Whether class plaintiffs are entitled to a declaratory judgment that the NES's promise under the LDW is illusory;
- Whether defendant has been unjustly enriched by receipt of payments from the class for LDWs
- Whether class plaintiffs are entitled to restitution of the monies paid for the illusory promise;
- Whether NES should be required to provide an equitable accounting for monies it has collected as payments for LDW premiums;
- Whether Plaintiff and the Class are entitled to a permanent injunction against

5

the future collection of money for payments of LDW premiums; and
- Whether Plaintiff and the Class are entitled to an equitable accounting, imposition of constructive trust, disgorgement of unjustly retained funds into said constructive trust, and resulting restitution to Plaintiff and Class members.

32.　Because NES engaged in a uniform practice of charging payments for an illusory promise under its LDW, the claim of the named Plaintiff is typical of the claim of the members of the Class.

33.　The named Plaintiff avers that NES owes Class members restitution of the monies it has collected as payment for LDWs, which it unjustly retains. Individual refunds are not sufficiently substantial to support individual litigation. Therefore, a class action is superior to other methods of adjudication of the issues raised in this action.

34.　Class action treatment will permit a large number of similarly-situated customers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, time and expense that would be required in numerous individual actions.

35.　Plaintiff seeks class-wide permanent injunctive relief to prevent NES from continuing to collect payments for LDWs from its customers.

35.　Plaintiff seeks declaratory and additional injunctive relief, including, but not limited to, an equitable accounting of funds received giving rise to the claim herein, and notes that the knowledge of the amounts collected by NES as payment for LDWs is knowledge belonging exclusively to NES, and is not ascertainable without the requested equitable accounting. Subsequent to said accounting, Plaintiff seeks the imposition of constructive trust by mandatory injunction and a mandatory injunction of disgorgement of unjustly retained-funds into said constructive trust and the resulting restitution to Plaintiff and Class members pursuant to the

Court's injunction to the extent Class members can be located and otherwise to the unclaimed property administrator of the various states and/or cy pres distribution.

36. The named Plaintiff has no interests adverse to the interest of the Class, will fairly and adequately represent the interest of the Class, and will vigorously prosecute this action on behalf of the absent Class members.

37. Counsel for the named Plaintiff have no interest adverse to the interest of the Class and will vigorously prosecute this action. Plaintiff has chosen counsel who are competent and experienced in the prosecution of class actions.

## COUNT I – UNJUST ENRICHMENT

41. Plaintiff repeats and re-alleges paragraphs 1 through 40 above as if fully set out herein.

42. Plaintiff and Class have bestowed a benefit upon NES to which NES was and is not entitled through NES's collection and retention of funds denominated as payments for LDWs.

43. NES's retention of these funds constitutes an unjust gain to the Defendants at the expense of Plaintiff and the Class Members.

44. Equity and good conscience require that NES disgorge the proceeds of its overcharges into constructive trust with the resulting restitution to Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court enter judgment as follows:

A. That the action is properly maintainable as a class action pursuant to 735 ILCS 5/2-801 et. seq.;

B. That LDWs sold by NES to Plaintiff and Class members are illusory promises and

do not constitute consideration for payment therefore by Plaintiff and Class members;

C. That NES has been unjustly enriched by acceptance of payments for LDW which are worthless to Plaintiff and Class members;

D. That Plaintiff and Class members are entitled to restitution of the payments made by Plaintiff and Class members to NES for LDWs.

E. That NES shall pay immediately to Plaintiff and Class members all amounts collected by NES for LDWs;

E. For imposition of a constructive trust upon all monies collected by NES for LDWs,

F. For establishment by this court of a trust for the benefit of Plaintiff and all class members;

G. That NES shall provide an equitable accounting of all funds collected as payments for LDWs

H. That NES shall pay into said trust all monies collected by NES for LDWs;

I That NES pay Plaintiff's costs and expenses, including reasonable attorneys' fees;

J. For such other and further relief as the Court deems appropriate in the circumstances.

Respectfully submitted this the 17th day of April, 2008.

By:   s/Jordan D. Shea
One of its attorneys

Peter C. John
James D. Benak
Jordan D. Shea (ARDC No. 6297333)
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Plaintiffs

20 North Wacker Drive, Suite 2100
Chicago, IL  60606
312-443-3200
fax:  312-630-8500

Herman Watson, Jr.
Rebekah Keith
Eric J. Artrip
WATSON, JIMMERSON, MARTIN, McKINNEY,
GRAFFEO & HELMS, P.S.
Attorneys for Plaintiffs
203 Greene Street
Post Office Box 18368
Huntsville, Alabama 35804
256-536-7423
fax: 256-536-2689

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: bhulse@kirkland.com and mlillie@kirkland.com.

By:   s/Jordan D. Shea

Peter C. John
James D. Benak
Jordan D. Shea (ARDC No. 6293777)
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Plaintiffs
20 North Wacker Drive, Suite 2100
Chicago, IL  60606
312-443-3200
fax:  312-630-8568
e-mail:  jds@willmont.com

Herman Watson, Jr.
Rebekah Keith
Eric J. Artrip
WATSON, JIMMERSON, MARTIN, McKINNEY, GRAFFEO & HELMS, P.S.
Attorneys for Plaintiffs
203 Greene Street
Post Office Box 18368
Huntsville, AL 35804
256-536-7423
fax: 256-536-2689