MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THYCON CONSTRUCTION, INC., et. al., Plaintiff, | ) | No. 08 C 824 |
| v. | ) | The Honorable William J. Hibbler |
| NATIONAL EQUIPMENT SERVICES., INC., and NES RENTAL HODLINGS, INC., Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This lawsuit alleges that National Equipment Services was unjustly enriched by charging Thycon for a limited damages waiver that contained only illusory promises. NES moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, NES's motion to dismiss is DENIED.

## I. Factual Background

The following facts are taken from Thycon's complaint. NES rents out equipment to construction companies.[1] (Compl. ¶ 12) On July 28, 2004, Thycon contracted with NES to rent a scissor lift.[2] (Compl. ¶ 19) As part of this transaction, Thycon also purchased a Limited Damage Waiver for $98 per month. (Compl. ¶ 21) The LDW purports to constitute a waiver of NES's right to recover from the renter for certain types of damage

[1] NES is a Delaware corporation with its principal place of business in Chicago, Illinois. (Compl. ¶ 3)
[2] Thycon is an Alabama corporation doing business in Huntsville, Alabama. (Compl. ¶ 2)

to the rental equipment. (Compl. ¶ 14) For example, the LDW states NES waives its right to recover for damage caused by: "Acts of God (e.g., wind, hail, lighting) as long as the damage is not caused by the bailiee's negligence." (Compl. ¶ 15)

On July 28, 2004, a Thycon employee damaged the scissor lift through his own negligence. (Compl. ¶ 22) Subsequently, NES demanded approximately $6,500 from Thycon as payment for the repair costs. (Compl. ¶ 23) Thycon refused to pay and cited the LDW as its reason for doing so. (Compl. ¶ 24) On January 6, 2006, NES sued Thycon in Alabama for the repair costs. (Compl. ¶ 25) During the litigation, Thycon sent NES discovery requests asking whether the LDW conferred any benefits to the renters. (Compl. ¶ 25) Instead of responding to the interrogatories, NES dismissed its suit against Thycon. (Compl. ¶ 25)

Thycon has now sued NES. Thycon alleges the LDW is a scam and contains nothing more than illusory promises. In other words, Thycon argues the LDW waives only the claims against the renter for which the renter would have *no liability*. (Compl. ¶ 16) Thycon's complaint contains a single count for unjust enrichment. "The money amounts received by NES for the LDW have been received for an illusory promise and have unjustly enriched NES."

## II. Standard of Review

Rule 12(b)(6) permits a defendant to challenge the sufficiency of the plaintiff's complaint. Specifically, whether the complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629,

633 (7th Cir. 2007) (internal citation omitted). To defeat a Rule 12(b)(6) motion, "the complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). Although particularized "fact pleading" is unnecessary, the allegations in the complaint must provide enough information for the defendant to have "fair notice" of the claim and the "grounds upon which it rests." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Finally, the allegations in the complaint must suggest a right to relief that is more than merely speculative. *Id.* at 555.

## III. Analysis

Thycon argues NES has been unjustly enriched by encouraging renters to purchase a limited damages waiver that contains only illusory promises and confers no benefit to the renter. To succeed on a claim of unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience." *Firemen's Annuity & Ben. Fund v. Municipal Employees', Officers', & Officials' Annuity & Ben. Fund.*, 219 III. App. 3d 707, 712, 579 N.E.2d 1003, 162 Ill. Dec. 189 (III. App. 1st Dist. 1991). But, a claim of unjust enrichment cannot survive where there is an express contract governing the parties' relationship. *See, e.g., Keck Garrett & Assocs., Inc., v. Nextel Commc'ns, Inc.*, 517 F.3d 476, 487 (7th Cir. 2008) ("Illinois law does not permit a party to recover on a theory of quasi-contract when an actual contract governs the parties' relations on that issue."); *Allied Vision Group, Inc. v. RLI Prof'l Techs., Inc.*, 916 F. Supp. 778, 780-81 (N.D. Ill. 1996) (holding "because a

specific contract [governed] the relationship between Allied and RLI, the court concludes that the doctrine of unjust enrichment has no application in this case.") (internal quotations omitted).

NES argues the complaint must be dismissed because the relationship between the parties is governed by an express contract, *i.e.,* the rental agreement for the scissor lift. Thus, NES contends the LDW is simply a *term* of this rental agreement. In response, Thycon asserts: (1) The LDW is a separate contract; (2) The LDW contains nothing but illusory promises; and (3) The unjust enrichment claim can proceed because there was never a *valid* contract governing the disputed subject matter *i.e.*, damage to the rental equipment.[3] The parties acknowledge they entered into a rental contract. The parties acknowledge Thycon purchased the limited damage waiver. Thus, the parties contend the unjust enrichment claim will stand or fall with the Court's determination of whether the LDW was separate contract or merely a term of the rental agreement.

First, the Court notes neither party has provided the Court with a copy of the rental agreement or the LDW. It would have been helpful to know whether the rental agreement includes the terms of the LDW or whether the details of the LDW are set forth in a separate document. Moreover, neither party stated whether the purchase of the LDW requires an additional signature on a separate document or whether a signature on the rental agreement is sufficient to effectuate the purchase of the LDW. Neither the parties' briefs, nor the Courts own research have uncovered any Illinois cases determining whether the purchase of a damage waiver is considered part and parcel of a rental contract. But, because the Court is adjudicating a motion to dismiss, the Court must draw

[3] Under Illinois law, "If a promise is illusory, it is not valid consideration to support a contract." *D 56, Inc. v. Berry's Inc.*, 955 F. Supp. 908, 915 (N.D. Ill. 1997)

all reasonable inferences in favor of the non-moving party. Therefore, the Court will assume the LDW is a separate contract for the purposes of the Court's analysis. Drawing this inference in Thycon's favor, however, is not dispositive of this case.

There can be no unjust enrichment claim where there is a valid contract between the parties governing the disputed subject matter. On this point, the Seventh Circuit has been clear: "When two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract. ... In determining whether a claim falls outside a contract, the subject matter of contract governs..." *Utility Audit, Inc., v. Horace Mann Serv. Corp.* 383 F.3d 683, 689 (7th Cir. 2004). Thus, even if the Court accepts as true that the LDW is a separate agreement, the unjust enrichment claim will be barred if the rental agreement governs the same issues as the LDW. As a result, the Court must look to the subject matter of the LDW to determine whether it falls outside of the scope of the rental agreement.

The rental agreement sets forth the terms by which Thycon can use the scissor lift. The LDW sets forth the terms by which NES can recover for damage to the scissor lift. Clearly, these contracts share some similarities. But, the fact that the contracts govern similar subjects does not mean the contracts govern the *same* subjects. For example, the Sixth Amendment governs the right to a jury in criminal prosecutions; the Seventh Amendment governs the right to a jury in suits at common law. To be sure, these Amendments concern similar subject matter, *i.e.*, an individual's right to a jury trial. Yet, a defendant in a *criminal* case would not use the Seventh Amendment to enforce his right to a jury trial. Similar does not equal the same.

Here, the Court cannot conclude that the rental contract is so all encompassing that it also governs NES's recovery rights when its equipment is damaged. In other words, the Court is not certain that the rental agreement governs the same subject matter as the LDW. *See, e.g.*, *GE v. Honeywell Int'l, Inc.*, No. 05-C3239, 2006 U.S. Dist. LEXIS 19203, at *45 (C.D. Ill. Apr. 13, 2006)( "Honeywell's obligation to pay Service Use Tax falls outside the subject matter of the Operating Agreement, and therefore, the Operating Agreement does not automatically bar GE's unjust enrichment claim. Honeywell's request to dismiss Count 6 is denied."). Moreover, the Court is particularly hesitant to dismiss a claim where—as here—the parties are arguing over the language of the contract but have not furnished the Court with the operative documents. Judge Moran's analysis in a similar case shows that this Court's reservations are not unique.

In *Muehlbauer v. GMC*, the defendant moved to dismiss the plaintiff's unjust enrichment claim on the basis that the parties' relationship was governed by an express contract. 431 F. Supp. 2d 847, 855 (N.D. Ill. 2006). The plaintiffs admitted the existence of various written agreements but disputed whether the contracts "govern the subject matter of their actions." *Id.* Judge Moran denied the motion to dismiss:

> Defendant alludes to governing purchase contract, lease agreements, and express limited warranties, but provides no details of their coverages. Plaintiffs highlight that the express warranty "covers repairs to correct any vehicle related to materials or workmanship," and depicts the claims as relating to defects in design.
>
> We do not opine on the precise parameters of design, materials and workmanship. Those terms may overlap and express contracts may indeed sink any implied contract claim, but it is premature to dismiss the quasi-contract claims based on contracts not adequately presented to the court.

*Id.* This reasoning was recently echoed by Judge Zagel. In *Salztman v. Pella Corp*, the court declined to dismiss an unjust enrichment claim because the plaintiff reasonably disputed whether the conduct at issue was governed by an express contract:

> Pella argues the unjust enrichment claim should be dismissed because the Pella Express Warranty ("PEW") covers the purchasers of the windows ... [W]hile Plaintiff's unjust enrichment claim may ultimately be undermined by the PEW, it is not appropriate to so conclude at this time

2007 U.S. Dist. LEXIS 19650, at *16 (N.D. Ill. 2007 Mar. 20, 2007). The Court agrees with this analysis and finds that dismissal on the basis of disputed langue is premature.[4] NES's motion to dismiss is DENIED.

IT IS SO ORDERED.

3/2/09
Dated

Wm. J. Hibbler
The Honorable William J. Hibbler
United States District Court

[4] NES's final argument merits little discussion. NES alleges Thycon cannot state a claim for unjust enrichment because it has not suffered a loss. Specifically, NES argues that because it dropped its lawsuit against Thycon, Thycon got everything it wanted from the LDW. This argument is unpersuasive. Thycon has adequately pleaded that it suffered a loss. First, Thycon paid money for what it claims was nothing more than an illusory contract. Additionally, Thycon had to pay for legal expenses related NES's attempts to recover for the damage to the scissor lift.