IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THYCON CONSTRUCTION, INC., on behalf of themselves and all others similarly situated, | ) ) ) ) Case No. 08 C 824 |
| Plaintiff, | ) ) Hon. William J. Hibbler |
| v. | ) ) ) |
| NATIONAL EQUIPMENT SERVICES, INC. and NES RENTALS HOLDINGS, INC., | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6), defendants National Equipment Services, Inc. and NES Rentals Holdings, Inc. ("Defendants") move to dismiss the Second Amended Complaint of plaintiff Thycon Construction, Inc. ("Thycon") with prejudice. In support of their motion, Defendants state as follows:

1. *First*, Thycon's claims fail under the Seventh Circuit's recent decision in *Rickher v. Home Depot, Inc.*, 535 F.3d 661 (7th Cir. 2008), which rejected a closely similar challenge to Home Depot's damage waiver program. Like Thycon's claims here, the *Rickher* plaintiffs' claims rested on their allegation that the damage waiver sold by Home Depot in connection with equipment rentals was illusory and conferred no benefit on customers. After reviewing the plain language of Home Depot's damage waiver terms, the Court concluded, as a matter of law, that "[t]he possible scenarios in which a customer may successfully invoke the benefits of the Damage Waiver may not be great . . . but they exist. We agree with the district court that the

plain language of the Rental Agreement demonstrates that the Damage Waiver does have value." *Id.* at 670 (quotation omitted).

2. The terms of the LDWs sold to Thycon, which are set forth in Exhibit H to the Memorandum in support of this motion, are indistinguishable (and certainly no narrower) from the damage-waiver terms offered by Home Depot in *Rickher.* Thus, under *Rickher*, the LDWs purchased by Thycon had value *as a matter of law* and Thycon's claims—which are premised entirely on the allegation that the LDWs were valueless—must fail.

3. **Second**, Thycon's amended claim for unjust enrichment is independently barred because the LDWs were terms of express contracts. In its March 2, 2009 order concerning Thycon's prior unjust enrichment claim, the Court noted that the parties had not attached the rental agreements referenced in the Amended Complaint and the motion briefing. Here, Defendants have attached the rental agreements that concern the single rental discussed in the Amended Complaint as well the four additional rentals discussed for the first time in the Second Amended Complaint. (Exs. A-G to Mem.) Defendants have also attached the LDW policy statement, which is expressly incorporated into the rental agreements. (Ex. H to Mem.)

4. As is readily apparent on the face of these documents, the prices and terms of the LDWs are indeed part and parcel of the rental agreements. The parties' agreement concerning the prices and terms of the LDWs do not fall outside the scope of the rental agreements. Accordingly, under the legal principles enunciated by this Court in its March 2 order, Thycon cannot maintain a claim for unjust enrichment. (3/2/09 Order at 5, *citing Util. Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 689 (7th Cir. 2004)).

5. **Third**, plaintiff's new count for "rescission" (Count II) is also barred. As this Court noted in dismissing another rescission claim with prejudice in *Howton v. Winnebago, Inc.*,

No. 04 C 8349, 2005 WL 1500926, 3 (N.D. Ill. Jun. 13, 2005) (Hibbler, J.), "rescission is an equitable remedy, and not an independent cause of action." Thus, just as in *Howton*, Thycon's new rescission claim is not actionable and should be dismissed with prejudice.

For all the foregoing reasons, Defendants respectfully request that this Court dismiss Thycon's Second Amended Complaint with prejudice pursuant to Rule 12(b)(6).

Dated: September 22, 2009              Respectfully submitted,

                                       /s/ Benjamin W. Hulse
                                       Mark S. Lillie, P.C.
                                       Benjamin W. Hulse
                                       KIRKLAND & ELLIS LLP
                                       300 North LaSalle
                                       Chicago, Illinois 60654
                                       Telephone: (312) 862-2000
                                       Facsimile: (312) 862-2200

                                       *Attorneys for Defendants National Equipment*
                                       *Services, Inc. & NES Rentals Holdings. Inc.*

- 4 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 22, 2009 he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, with service on the following:

Peter C. John
Jordan D. Shea
WILLIAMS MONTGOMERY & JOHN LTD.
20 North Wacker Drive, Suite 2100
Chicago, Illinois  60606
Ph:  (312) 443-3200
Fax:  (312) 630-8500

Herman Watson
Rebekah McKinney
Eric J. Artrip
WATSON, McKINNEY & ARTRIP, LLP
203 Greene Street
Post Office Box 18368
Huntsville, Alabama 35804
Ph: (256) 536-7423
Fax:  (256) 536-2689

/s/ Benjamin W. Hulse